UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY WILLIAM WHEATON,

    Plaintiff,

v.

WILLIE SMITH,

    Defendant.
                                     /

Case No. 12-cv-12799

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

    Plaintiff Corey William Wheaton is serving a nine-to-twenty year sentence for breaking and entering with intent to commit a felony. He has applied for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that a Michigan court denied him due process by failing to award him credit for time served. For the reasons below, the Court will deny the petition and will not issue a certificate of appealability.

**BACKGROUND**

    In 2009, police officers arrested Wheaton for multiple offenses. Petition 3, ECF No. 1; Response 1, ECF No. 9. He was convicted of assault and battery and sentenced to ninety-three days in jail early in 2010. Petition 7. Later that year, he also pled guilty to breaking and entering with intent to commit a felony, in violation of Mich. Comp. Laws § 750.110. Petition 3; Response 1. As a fourth-time habitual felony offender, he received a nine-to-twenty year sentence of imprisonment. Petition 3; Response 1.

    Wheaton appealed. Among other things, he argued that the trial court denied him due process when calculating his sentence for breaking and entering. Petition 4. He claimed that the trial court should have credited as time served the period he spent in jail prior to

start of his sentence for breaking and entering. Petition 4; Response 3 & n.2. The Michigan Court of Appeals affirmed Wheaton's conviction and sentence, *see People v. Wheaton*, No. 306115 (Mich. Ct. App. Oct. 19, 2011), and the Michigan Supreme Court denied leave to appeal, *see People v. Wheaton*, No. 14400 (Mich. Mar. 5, 2012). Wheaton also exhausted all other state remedies. Response 1 n.1.

## STANDARD OF REVIEW

On claims brought by state prisoners, a writ of habeas corpus may issue only if the state court's adjudication of claims was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A federal court cannot issue a writ of habeas corpus for violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

## DISCUSSION

Although Wheaton claims that the state courts denied him due process by failing to credit him with time served, the thrust of his argument is that the state courts misconstrued or misapplied state sentencing statutes. *See* Reply 5–7, ECF No. 11. Such state law claims are not cognizable on federal habeas review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."). Therefore, the Court will deny Wheaton's petition for a writ of habeas corpus.

Because reasonable jurists could not debate the correctness of this decision, *see Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), the Court will not issue a certificate of appealability.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Wheaton's petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed in forma pauperis on appeal are **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 17, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager